IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. COLUMBUS MCKINNON CORPORATION, KKR NORTH AMERICA FUND XI L.P., and KITO CROSBY LIMITED, *Defendants*. | Civil Action No.: 1:26-cv-00266-TJK |

**DEFENDANT COLUMBUS MCKINNON CORPORATION'S
UNOPPOSED MOTION TO EXPEDITE ENTRY OF THE
<u>ASSET PRESERVATION AND HOLD SEPARATE STIPULATION AND ORDER</u>**

On January 29, 2026, the United States of America ("Plaintiff" or "DOJ") initiated this action pursuant to the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)–(h) (the "APPA" or "Tunney Act") in connection with Defendant Columbus McKinnon Corporation's ("CMCO") proposed acquisition of Defendant Kito Crosby Limited ("Kito Crosby") from Defendant KKR North America Fund XI L.P. ("KKR") (together "Defendants") (the "Proposed Transaction"), seeking the Court's entry of the proposed Final Judgment once the requirements of the Tunney Act are satisfied. Plaintiff included with its filing an Asset Preservation and Hold Separate Stipulation and Order agreed to and signed by all parties (ECF No. 2-1) ("APHSSO"). Plaintiff requested that the Court "sign the APHSSO as soon as possible." (ECF No. 2 at ¶ 2). Defendant

CMCO respectfully requests that the Court expedite its entry of the APHSSO so that it is entered as soon as possible and in any event no later than February 5, 2026 at 12:00 PM. CMCO faces mounting and irreparable harm each day that it cannot close the Proposed Transaction, and if the APHSSO is not entered by February 5, 2026, the closing of the Proposed Transaction could be pushed to March 2, 2026. Entry of the APHSSO will not prejudice in any way the Court's ability to review the proposed Final Judgment under the Tunney Act, but will simply allow CMCO to avoid the significant financial harm that would come with continued delay in closing the Proposed Transaction.

Because time is of the essence and defendants will face financial hardship if the APHSSO is not entered immediately, Defendant CMCO respectfully requests the Court's expedited entry of the APHSSO. Pursuant to LCvR 7(m), counsel for CMCO conferred with counsel for Plaintiff and counsel for Defendants KKR and Kito Crosby, and they do not oppose this motion.

## DISCUSSION

CMCO entered into a stock purchase agreement to acquire all of the outstanding voting securities of Kito Crosby on February 10, 2025 for approximately $2.7 billion. As part of the transaction, CMCO and Clayton, Dubilier & Ric Fund XII, L.P. ("CDR") entered into an investment agreement, in which CDR proposes to purchase approximately 40 percent of the voting securities of CMCO for approximately $800 million on the condition that CMCO subsequently close its acquisition of Kito Crosby. In the course of several months of investigation, the DOJ identified antitrust concerns with respect to certain overlaps in the Defendants' electric chain hoist and overhead lifting chain businesses. To address those concerns, the DOJ and Defendants negotiated a Proposed Final Judgment that would allow the transaction to proceed if CMCO divests a portion of its business and adheres to certain other conditions. This

type of divestiture remedy is common where the DOJ identifies antitrust concerns with a transaction under its review.

Under the APPA, the Proposed Final Judgment resolving the DOJ's antitrust concerns is subject to district court approval. 15 U.S.C. § 16(e). The APHSSO was filed in connection with a Complaint (ECF No. 1) and the Proposed Final Judgment (ECF No. 2-2) filed by the DOJ. Upon the Court's entry of the APHSSO, Defendants will be permitted to close the Proposed Transaction as permitted under the APPA.

After the DOJ files a Complaint, Proposed Final Judgment, and APHSSO, the Tunney Act requires the Court to determine whether the Proposed Final Judgment is in the public interest. 15 U.S.C. § 16(e). The substantive question of whether the Proposed Final Judgment is in the public interest is not before the Court today. That determination can be made only after the expiration of a 60-day public notice and comment period under the APPA. Instead, the only issue before the Court today is the entry of the APHSSO which simply requires CMCO to maintain the Divestiture Assets, as defined therein, pending their transfer to an approved third-party buyer.

It is essential that the Defendants close the Proposed Transaction as soon as possible, to prevent further negative financial effects to CMCO. This is because, for each day the Proposed Transaction does not close in the month of February, CMCO is incurring substantial fees, including due to gross interest payments of approximately $178,000 per day. Additionally, for each month that the Proposed Transaction is delayed, CMCO loses significant profit (losing approximately $20 million in EBITDA monthly) that would enable the company to offset the substantial debt interest expenses that it is incurring. Furthermore, the Proposed Transaction was announced nearly one year ago, so any further delays to closing will increase the chances of employee attrition and hamper the significant integration efforts that the Defendants have invested

in, potentially impairing CMCO's post-merger competitiveness.

Moreover, employees of Defendant Kito Crosby will receive compensation amounting to approximately $143 million upon closing of the Proposed Transaction, and any delay in closing will continue to delay that compensation to those employees. Finally, further delays to closing mean that consumers will continue to lose out on the anticipated benefits and synergies likely to result from the Proposed Transaction. If the Court does not enter the APHSSO by February 5, 2026 the closing of the Proposed Transaction could be pushed even later, to March 2, 2026 and exacerbate the substantial economic harms described above.

The APHSSO has been signed by all parties, and is consistent with similar Stipulations and Orders filed by Plaintiff the United States of America under the APPA and entered by this Court. *See* Stipulation and Order, Case No. 21-cv-1067-TJK, ECF No. 4 (D.D.C. Apr. 22, 2021); Stipulation and Order, Case No. 20-cv-3356-TJK, ECF No. 5 (D.D.C. Nov. 20, 2020). Entry of the APHSSO will also have no effect on the Court's review of the Proposed Final Judgment filed on January 29, 2026 under the APPA (ECF No. 2-2).

## CONCLUSION

For these reasons, Defendant CMCO respectfully requests that the Court expedite entry of the APHSSO so that the APHSSO is entered as soon as possible, and in any event no later than February 5, 2026 at 12:00 PM.

Dated: January 30, 2026　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Julia K. York

　　　　　　　　　　　　　　　　　　　　　　Julia K. York (D.C. Bar No. 478001)
　　　　　　　　　　　　　　　　　　　　　　Tara L. Reinhart (D.C. Bar. No. 462107)
　　　　　　　　　　　　　　　　　　　　　　SKADDEN, ARPS, SLATE,
　　　　　　　　　　　　　　　　　　　　　　MEAGHER & FLOM LLP
　　　　　　　　　　　　　　　　　　　　　　1440 New York Avenue, N.W.
　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20005-2111
　　　　　　　　　　　　　　　　　　　　　　Email:  Julia.York@skadden.com
　　　　　　　　　　　　　　　　　　　　　　Email: Tara.Reinhart@skadden.com


　　　　　　　　　　　　　　　　　　　　　　Kenneth B. Schwartz (*pro hac vice forthcoming*)
　　　　　　　　　　　　　　　　　　　　　　SKADDEN, ARPS, SLATE,
　　　　　　　　　　　　　　　　　　　　　　MEAGHER & FLOM LLP
　　　　　　　　　　　　　　　　　　　　　　One Manhattan West
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10001
　　　　　　　　　　　　　　　　　　　　　　Email:  Ken.Schwartz@skadden.com


　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Columbus McKinnon Corporation*

**CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 7(M)**

I certify that on January 30, 2026, I conferred with counsel for Plaintiff the United States of America, and Defendants Kito Crosby and KKR. The Parties conferred in good faith. This motion is unopposed.

Dated: January 30, 2026                                         Respectfully submitted,


                                                                */s/ Kenneth B. Schwartz*
                                                                Kenneth B. Schwartz

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Unopposed Motion to Expedite Entry of the Asset Preservation and Hold Separate Stipulation and Order was served on counsel for Plaintiffs on January 30, 2026 via the Court's electronic filing system, and served on counsel for Defendants via electronic mail.

*/s/ Julia K. York*
Julia K. York